UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Kevin Nightingale and Nightingale Chiropractic & Wellness, P.C.,** | |
| Plaintiffs, | Case No. |
| v. | |
| **Local Search Group, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Kevin Nightingale and Nightingale Chiropractic & Wellness, P.C.** (Plaintiffs), by and through their attorneys, **Kimmel & Silverman, P.C.**, allege the following against **Local Search Group, LLC** (Defendant):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of New York and because the occurrences from which Plaintiffs' cause of action arises took place and caused Plaintiffs to suffer injury in the State of New York.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff Kevin Nightingale is a natural person residing in Williamsville, New York 14221.

6. Plaintiff Nightingale Chiropractic & Wellness, P.C. is a business entity conducting business in Williamsville, New York.

7. Plaintiffs are each a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 2188 West Atlantic Avenue, Delray Beach, Florida 33445.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Defendant called Plaintiffs on their business telephone number ending in 0784 on a repetitive and continuous basis for solicitation purposes.

12. Defendant placed these calls using an automatic telephone dialing system and/or pre-recorded message.

13. Plaintiffs knew Defendant's calls were placed from an automatic telephone dialing system or with a pre-recorded message because the calls began with an automated message and/or a pause before being connected to a live agent.

14. Plaintiffs did not request information from Defendant and Defendant did not have consent to contact Plaintiffs.

15. Defendant's calls were not made for "emergency purposes."

16. The number ending in 0784 has been on the Do Not Call Registry since July 14, 2005.

17. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

18. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiffs to endure.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

20. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

21. The TCPA prohibits any person or entity from initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

22. Defendant contacted Plaintiffs despite the fact that Plaintiffs number ending in 0784 has been on the Do Not Call Registry since July 14, 2005.

23. Defendant called Plaintiffs on multiple occasions during a single calendar year despite Plaintiffs' registration on the Do Not Call list.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiffs, **Kevin Nightingale and Nightingale Chiropractic & Wellness, P.C.,** respectfully pray for judgment as follows:

   a. All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(c));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c));

   c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c));

   d. Injunctive relief (as provided under 47 U.S.C. § 227;and

   e. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **Kevin Nightingale and Nightingale Chiropractic & Wellness, P.C.,** demand a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 02/05/2021 | By: */s/ Craig Thor Kimmel*<br>Craig Thor Kimmel, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: 215-540-8888<br>Facsimile: 877-788-2864<br>Email: teamkimmel@creditlaw.com |